The opinion of the court was delivered by
DeBlanc, J.
Can three licenses and three taxes be imposed and levied — within the limits of an incorporated town — on a retail merchant residing in that town — one by the State, one by the parish and one by the authorities of the corporation ? This is the question presented in this case.
The defendant is a resident of the town of Jeannerette, which was *1144 incorporated by an act of the Legislature, approved on the 15th of March 1878, and that town is a portion of the parish of Iberia. He has paid to said town, as retail merchant, a license of fifteen dollars, and— besides — a five-mill tax on the assessment of his stock in trade. He declines to pay to the parish of Iberia an additional tax and an additional license. He contends that there is no law which expressly authorizes the police jury to levy a tax on “ stock in trade,” and that he can not, justly, be compelled to assist in defraying the expenses of two local governments, that of the town and that of the parish.
Under section 2743 of the Revised Statutes, “police jurors have authority to levy such taxes as they may judge necessary to defray the expenses of their respective parishes, and their jurisdiction extends over all the parts of said parishes, not expressly exempted.”
15th A. 445.
In the case of Victor Maurin et als. vs. the Tax Collector of Ascension, this court said: “ the question in this suit is whether or not parish taxes can be collected from owners of property situated in an incorporated town, when such property is not expressly exempted by law from, such tax, and the police jury is vested with power to assess taxes upon the ordinary objects of taxation.
“ We consider this not an open question. 13 A. 420 — 19 A. 99. Unless the property within an incorporated town is expressly exempted by law from a parish tax, the general power conferred on the police jury of the parish to assess a tax on all ordinary objects of taxation will reach such property.”
25th A. p. 445.
“ That question is one of intent, and in ascertaining such intent it will not be presumed that the Legislature intended to restrict or diminish the power of taxation delegated to any subdivision of the State, unless such intent be plainly expressed.”
Burroughs on Taxation, p. 387-388. 9 A. 305. 11 A. 68., 20 A. 283. 26 A. 151.
In the act incorporating the town of Jeannerette, no such exemption is to be found) and — it is probable — the statute of 1878 cited by defendant and directing the levy of a tax in and out of incorporated towns, to defray the expenses in criminal proceedings, was passed for the sole purpose of subjecting to that special tax the towns which — previously— were exempt from such taxation. The repealing clause of the statute so indicates.
Act of 1878, p. 144.
Defendant complains that the tax and license thus imposed upon him and his property are not equal and uniform. They are, so far at least as the parish of Iberia is concerned; and — if any one of the three *1145 licenses and taxes were unconstitutional, it 'would be the last of the three, that imposed by the newly incorporated town.
We think — with a French economist — that “taxes should be like •those light vapors which the sun draws from and returns to the earth in fertilizing dew,” and entertain no doubt that, on proper application, the Legislature would not hesitate to extend to the town of Jeannerette the advantages and exemptions which have been extended to nearly •every town of the State. Until then, the law must be applied as it is.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is annulled, avoided and reversed.
It is further ordered, adjudged and decreed that the parish of Iberia do have judgment against and recover of E. A. Ohiapella the sum of twenty five dollars, amount of his parish license and tax for the year 1878; and the lien and privilege securing the payment of said amount is hereby recognized: the costs in both courts to be paid by defendant.